# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GITAN MBUGUA,

                Petitioner,

v.

STATE OF WISCONSIN,
  DEPARTMENT OF CORRECTIONS,

                Respondent.

Case No. 19-CV-1461-JPS

**ORDER**

      On October 4, 2019, Petitioner Gitan Mbugua ("Mbugua") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his continued incarceration in the custody of the State of Wisconsin is a violation of his constitutional rights. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

      According to Mbugua's petition and the state court docket, on May 12, 2016, Mbugua plead guilty to one count of recklessly endangering

safety, domestic abuse, and habitual criminality, and one count of aggravated battery with intent to cause bodily harm, domestic abuse, and habitual criminality in Milwaukee County Circuit Court Case No. 2015CF4647. He was sentenced on June 7, 2016, and is currently serving an eighteen-and-a-half-year sentence, eight years of which may be served on extended supervision. On February 7, 2017, he filed a motion for post-conviction relief, which was denied on May 10, 2017. On May 22, 2017, Mbugua filed an appeal. The Wisconsin Court of Appeals affirmed the trial court's decision on June 12, 2018. The Wisconsin Supreme Court denied review on October 9, 2018. Mbugua did not file a petition for certiorari before the U.S. Supreme Court.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

The Wisconsin Supreme Court denied review of the Wisconsin Court of Appeals' decision on October 8, 2018, which means that Mbugua had 90 days after that date to seek certiorari from the U.S. Supreme Court. The habeas clock began to run the day after that period expired, on January 7, 2019. This petition was filed on October 4, 2019, putting it within the one-year deadline prescribed by 28 U.S.C. § 2244(d)(1)(A). Accordingly, the petition is timely.

Next, the Court analyzes whether Mbugua fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Mbugua appears to have exhausted his state court remedies. On June 12, 2018, the Wisconsin Court of Appeals issued an order affirming Mbugua's convictions. The Wisconsin Court of Appeals considered Mbugua's two ineffective assistance of counsel claims: first, that his initial trial counsel was ineffective for miscommunicating the consequences of a plea deal; and, second, that his subsequent trial counsel was ineffective for failing to obtain the original plea offer. *State v. Mbugua*, 318 N.W.2d 128 (Table), 2018 WL 3005945, at *3–4 (Wis. Ct. App. June 12, 2018). The Wisconsin Court of Appeals assumed that Mbugua's counsel had been deficient and evaluated the prejudice resulting from a plea that was rejected on counsel's advice under the test set forth in *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). It determined that Mbugua failed on all three prongs of the test set forth in *Lafler*.

In his habeas petition, Mbugua asserts a single ground for ineffective assistance of counsel: that his trial counsel misinformed him that an initial plea offer contained with it "the possibility of court-ordered sex offender registration." (Docket #1-5 at 2). On the basis of this advice, Mbugua rejected the initial plea offer, and ultimately accepted a plea offer that "carried with it the possibility of four additional years of imprisonment." *Id.* at 3. Since the record reflects that this is one of the issues that the Wisconsin Court of Appeals considered and the Wisconsin Supreme Court declined to review, the Court concludes that it has been fully exhausted.

The Court will now analyze whether Mbugua has procedurally defaulted on either of his claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case, and so the Court will not dismiss Mbugua's claims at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Mbugua's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of his claim, it does not plainly appear that it is frivolous.

Page 4 of 7
Case 2:19-cv-01461-JPS   Filed 07/22/20   Page 4 of 7   Document 3

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

   c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge